IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-00654-O |
| | § | |
| KEVIN J. CALVIN, | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATION OF CONTEMPT

Before the Court is Plaintiff's Motion for an Order to Show Cause Why Kevin J. Calvin Should Not Be Held in Civil Contempt for Violating This Court's Permanent Injunction filed June 25, 2019, ECF No. 14, and the Order of United States District Judge Reed O'Connor entered on June 27, 2019, ECF No. 16, ordering Defendant Calvin to respond to the Court's Order by July 15, 2019 showing why he should not be held in civil contempt. The undersigned issues this Certification pursuant to 28 U.S.C. § 636(e)(6) for the purposes of Judge O'Connor conducting a hearing requiring Defendant Kevin J. Calvin ("Calvin") to show cause why he should not be found in civil contempt of court.

  **I. LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority in certain limited circumstances, including civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. § 636(e)(3), (6). In all other instances in which a party's actions constitute contempt:

> [T]he magistrate judge shall forthwith certify the facts to a
> district judge and may serve or cause to be served, upon any
> person whose behavior is brought into question under this

>paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

Three elements must be established before a party can be held in civil contempt: "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). Pursuant to Federal Rule of Civil Procedure 4.1, "[a]n order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district." The rule further provides that any other order in a civil contempt proceeding "may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued." *Id.* The Advisory Committee Notes to Rule 4.1 make clear that "[s]ervice of process is not required to notify a party of a decree or injunction, or of an order that the party show cause why that party should not be held in contempt of such an order." The Notes provide that "[w]ith respect to a party who has once been served with a summons, the service of the decree or injunction itself or of an order to show cause can be made pursuant to Rule 5." Rule 5 permits service by mail to the addressee's last known address, "in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2).

## II.     CERTIFICATION OF FACTS

For purposes of this certification, the undersigned certifies the following facts:

2

The State of Texas (the "State") alleged and the Court found that the defendants, including Calvin, had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) (2010); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6103(a) (2011); the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code §§ 304.052, .151 (2009); the Regulation of Telephone Solicitation Act, *Id.*, § 302.101(a); and the Texas Deceptive Trade Practices – Consumer Protection Act, *Id.*, § 17.46(a) (2011). *See* ECF No. 12. The Court granted the State's Motion for Default Judgment and ordered that it recover damages in the amount of $931,500.00 and $17,745.00 in attorney's fees from the defendants. *Id.* The Court also entered a permanent injunction ordering the defendants to cease their illegal telephone marketing activities as listed in the order. *Id.* The Court entered Final Judgment accordingly on April 13, 2015. ECF No. 13.

By Affidavit dated April 24, 2015, Calvin testified that on that date he received and read the Court's Order on the State's Motion for Default Judgment and the Final Judgment, both entered on April 13, 2015. ECF No. 14-1 at 33.

The State filed its Motion for an Order to Show Cause Why Kevin J. Calvin Should Not Be Held in Civil Contempt for Violating This Court's Permanent Injunction on June 25, 2019. ECF No. 14. In its Motion, the State alleges that Calvin continues to violate the Court's Final Judgment, which enjoined him from making illegal telephone calls to consumers advertising his carpet cleaning services.

After reviewing the Motion, the Court issued an Order requiring the State to serve on Calvin the Order; the Motion, ECF No. 14; and the State's Motion to Modify Permanent Injunction, ECF No. 15, filed on June 25, 2019. ECF No. 16. The Court also ordered the State by

July 8, 2019 to demonstrate its efforts to provide notice of the Order to Calvin. Finally, the Court ordered Calvin to respond to the Order on July 15, 2019.

On July 8, 2019, the State filed a Certificate of Service in accordance with the Court's Order, ECF No. 16, certifying that the State had served the Order and attached Motions, ECF Nos. 14 and 15, on Calvin by certified U.S. Mail, return receipt requested, to his previous addresses; by email to an address previously used by the State in correspondence with Calvin; and by Facebook Messenger. *See* ECF No. 17. The State also certified that it texted a copy of the Order, but not the two Motions, to Calvin's telephone number. *Id.* The certified mail envelopes were returned as unclaimed or otherwise not deliverable. *See* ECF No. 23 at 8-15.

Calvin did not respond to the Court's Order by July 15, 2019, as ordered. By Order entered on July 16, 2019, ECF No. 18, Judge O'Connor referred the Motion, ECF No. 14, and all related responses, replies, briefs in support, appendices, etc. to the undersigned for hearing, if necessary, and determination or recommendation to the Court.

By Order entered on September 19, 2019, ECF No. 19, the undersigned ordered Calvin to appear before the Court on November 6, 2019 at 3:00 p.m. in United States Magistrate Judge Jeffrey L. Cureton's Courtroom located at 501 W. 10th Street, #508, Fort Worth, Texas 76102, to show cause why he why Calvin should not be held in civil contempt for failing to comply with and obey the permanent injunction contained in the Court's Final Judgment issued in this action on April 13, 2015, ECF No. 13. The Court's Order required the State to serve a copy of the Order on Calvin. ECF No. 19.

The State served a copy of the Order, ECF No. 19; the Motion to Show Cause, ECF No. 14; and the Motion to Modify Permanent Injunction, ECF No. 15 on Calvin by certified U.S. Mail,

return receipt requested, at 122 N. Goliad Street, Amarillo, Texas 79107, which was Calvin's last address known to the State. *See* ECF No. 20 at 2.

The State also mailed a copy of the Order and relevant pleadings to Calvin at another address associated with him on LexisNexis, 6010 Big Springs Drive, Arlington, Texas 76001. *Id.* The State emailed the same documents to Calvin at a previous email address that was used for correspondence in 2015, skiiote@yahoo.com, and sent them to him electronically by Facebook Messenger. *Id.* at 2-3. Finally, the State texted the Order, but not the two relevant motions, to Calvin's telephone number, 702-768-9974. *Id.* at 4. As with the State's previous mailings, the certified mail letters were returned as undeliverable. ECF No. 23 at16-19.

Calvin failed to appear at the November 6, 2019 show cause hearing. ECF No. 21. The State appeared at the hearing through its counsel. Based on the evidence presented and arguments of counsel, the undersigned finds that Calvin failed to comply with the permanent injunction contained in the Final Judgment in this case entered on April 13, 2015, ECF No. 13, and the Court's Orders dated June 27, 2019, ECF No. 16, and September 19, 2019, ECF No. 19.

Despite the entry of the permanent injunction and its clear provisions prohibiting defendants, including Calvin, from engaging in the illegal conduct described in the injunction, Calvin violated the terms of the injunction by making numerous telephone calls advertising his carpet cleaning services in direct violation of the injunction. These activities were proven by the declarations or affidavits of Aaron Foss, Gary Adkins, and Michael O'Leary. ECF No. 14-1 at 36-58.

Calvin violated the additional Orders of the Court by failing to respond to the Court's Show Cause Order dated June 27, 2019, ECF No. 16, and by failing to appear in response to the Court's Show Cause Order dated September 19, 2019, ECF No. 19.

The State provided Calvin with due process and with fair notice of its Motion to Show Cause, ECF No. 14, and the Court's previous Show Cause Orders, ECF Nos. 16 and 19, by mailing copies of the Motion and Orders to Calvin at his last known address. Fed. R. Civ. P. 5(b)(2)(C). Because service is complete upon mailing, the fact that the certified mail parcels were returned does not automatically invalidate service. *Daniels v. JP Morgan Chase Bank*, 574 F. App'x 337 (5th Cir. 2014). Moreover, the State took additional steps to notify Calvin of the Motion and Orders by mailing them to him at additional addresses, emailing them to him at an electronic address that he had used, sending them to him via the Facebook Messenger service, and by texting the Orders to him at a telephone number that he used.

### III. CONCLUSION

Based on the foregoing, and pursuant to 28 U.S.C. § 636(e)(6), the undersigned **RECOMMENDS** that Judge O'Connor conduct a hearing once Kevin J. Calvin is arrested, or at such other time as set by Judge O'Connor, to hear evidence as to why Kevin J. Calvin should not be found in contempt of court for failing to comply with the permanent injunction contained in the Court's Final Judgment, ECF No. 13, and the Show Cause Orders, ECF No. 16 and 19, previously entered by the Court,.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed January 6, 2020.

                                                                      Hal R. Ray, Jr.
                                                                      UNITED STATES MAGISTRATE JUDGE